## ABRAMS v. CARLISLE.

In an action for claim and delivery of a mule, the trial justice rendered judgment for plaintiff and notified counsel, and on same day issued his execution under which the constable at once seized the mule and delivered it to plaintiff; defendant on same day demanded of the trial justice a return of the property, and within five days afterwards moved for a new trial, which was granted. Afterwards this defendant sued the trial justice for damages. *Held*—

1. That the process having been executed and a new trial granted, the trial justice had no authority to undo what the constable had done.

2. Has a trial justice the right to have his execution executed within the. five days allowed for appeal or motion for new trial?

3. In issuing his execution the trial justice acted judicially, and is not, therefore, liable in damages, unless it was done willfully or corruptly. *McCall* v. *Cohen*, 16 *S. C.* 445.

Before HUDSON, J., Newberry, February, 1881.

The opinion states the case.

*Messrs. Moorman & Simkins*, for appellant.

*Messrs. Jones & Jones*, contra.

November 14th, 1882.   The opinion of the court was delivered by

MR. JUSTICE McGOWAN.   Milton A. Carlisle is a trial justice of Newberry county, and this was an action against him for damages for acting contrary to law, and for official misconduct under the following circumstances : One David Boozer, in February, 1879, brought an action against Wilson G. Abrams for claim and delivery of a mule of the value of $75.   This action was brought before Milton A. Carlisle, as trial justice.   Boozer gave bond, had the mule delivered to him, but on the same day Abrams, the defendant, gave the bond required in such case, and the mule was returned to him.   On March 6th, 1879, the trial justice heard the case and delivered a judgment in writing for Boozer, that the mule be delivered to him, or in case a delivery could not be made, then for $75 damages.   March 8th this judgment was read to the counsel on both sides, and no motion was made for a new trial or notice given of appeal.   On the same day an execution was issued to enforce the judgment, which was executed, and the mule delivered to Boozer.   Soon after the delivery of the mule, and on the same day the attorney of Abrams demanded from the trial justice possession of the mule, and he refused to deliver the mule, saying the judgment had been executed.   On March 12th Abrams moved for a new trial, which the trial justice granted, and the case was tried again on July 4th, and judgment again given for Boozer.   July 11th

Abrams appealed to the Circuit Court of the Common Pleas, where the case is still pending. On August 7th Abrams again demanded that the trial justice should deliver the mule to him, upon the ground that he had given bond for the delivery of the mule if the final decision should be against him, but that pending the litigation he was entitled to retain possession. The trial justice refused to comply with the demand, and this action was brought against him for damages in acting contrary to law, and for official misconduct.

The presiding judge charged the jury " that if the trial justice acted within the scope of his jurisdiction and authority, and had issued no illegal execution, or did any illegal act, he was not liable; that in the absence of instructions from the plaintiff he was not bound to wait until five days elapsed before issuing execution at once; the judgment was announced to the attorneys on March 8th, and no intimation of an intention to appeal being given, he issued the execution and the same was enforced; no proceedings by the defendant Abrams, subsequent to this can operate as a *supersedeas* of the judgment and enforced execution; that no trespass was therefore committed by the trial justice in issuing the execution or in refusing to undo what the constable had done in enforcing the same; consequently the question of damages cannot go to the jury, and you must find for the defendant Carlisle."

The jury found for the defendant, and the plaintiff appeals to this court upon the following grounds: " Because the judge erred in charging the jury—1. That in the absence of instructions from the plaintiff in the judgment, it was the right and duty of Trial Justice Carlisle to execute the judgment he had rendered against the defendant, the plaintiff in this case, immediately upon its publication, and was not bound to wait until the time for appeal or motion for a new trial had expired. 2. That the proceedings in that case, subsequent to said judgment, did not operate as a *supersedeas* of the judgment and execution. 3. That the defendant, as trial justice, committed no trespass in issuing the execution and in refusing to undo what the constable had done in enforcing the same, and that the jury must find for the defendant."

It is clear that the trial justice could not have legally delivered the mule to the plaintiff, Boozer, after the new trial was granted, for, in that case, the judgment would have been set aside, and the issue would have stood untried, precisely as it did when Abrams got possession of the mule under his bond. We take it to be also clear that, having had the mule delivered under his judgment before the motion for a new trial was made, the trial justice had no legal authority under a judgment which was then *functus officio*, to undo what the constable had done; so that upon this part of the case, the matter is reduced to the question, whether the trial justice was authorized by law to issue his execution on the very day his judgment was promulgated, and have it executed by taking the property from one and giving it to the other litigant, before the five days had expired, which are allowed for appeal or motion for a new trial.

We have no doubt that the trial justice, during that time, had the right to enter his judgment and lodge his execution, as it is sometimes said, "to bind property;" but this case does not make it necessary to decide whether he had the right, in an action for personal property, to have his judgment executed by seizing and delivering the property before the time allowed for appeal or motion for a new trial had expired. Under ordinary circumstances, we think it the better course for him to regard the case as still pending until the time allowed for a new trial or appeal has expired.

But Milton A. Carlisle was a judicial officer, and the subject-matter was clearly within his jurisdiction. He had just decided the case, and when he entered his judgment and execution to enforce it, he was acting judicially, as much so as when he rendered the judgment itself, and even if he did make a mistake in having the mule delivered at once, without reference to the right of the defendant to move for a new trial or appeal within five days, he was not liable in damages for the consequences, unless he acted willfully and corruptly. A judicial officer is not liable in damages for an honest mistake committed in the course of his duty. This court has lately had occasion to consider this question in the case of *McCall* v. *Cohen*, 16 *S. C.* 448, and it cannot be necessary to do more than refer to that case, in which

the court say : "It is as well settled as any legal proposition can be, that a judicial officer is not liable in damages for an injury which may come to a party by reason of an error of judgment committed in the discharge of his duty, when the subject-matter is within his jurisdiction. Without going into the long line of authorities in support of this proposition, extending back, at least, to the time of Lord Coke, it cannot be necessary to do more than refer to the case of *Bradley* v. *Fisher*, 13 *Wall.* 335, decided in the Supreme Court of the United States as late as 1871, in which the subject received exhaustive consideration. * * * This is undoubtedly the law in reference to courts having general authority, and it is equally true in reference to judges of inferior courts, except, possibly, as to the right to call in question the motives with which they act, whether ignorantly or willfully and corruptly." *Reid* v. *Hood and Burdine*, 2 *N. & McC.* 168; see also *Young* v. *Herbert* (in note to this case), and authorities.

There is no allegation here that the trial justice, Carlisle, acted willfully and corruptly. "Neither in the pleadings nor in the argument is he charged with collusion, fraud, malice or corruption. On the contrary, this is disavowed by plaintiff's counsel, who speaks in terms of praise of the ability and integrity of that officer."

The judgment of this court is that the judgment of the Circuit Court be affirmed, and the appeal dismissed.